## Charles Marvel v. E. W. Marvel.

1.  TRIALS BY THE COURT—*Findings of the Judge, When Not to be Disturbed.*—In a trial before the court without a jury, where there is an unreconcilable conflict in the evidence, the finding of the trial will not be disturbed, unless it appears from the evidence itself, that, with his advantage for observing the witnesses and their manner of testifying, the judge has come to an erroneous conclusion from passion or prejudice.

Trover.—Appeal from the Circuit Court of De Witt County; the Hon. WILLIAM G. COCHRANE, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed September 11, 1901.

FRED BALL, JOHN FULLER and GEO. K. INGHAM, attorneys for appellant.

GEORGE B. MARVEL and WARNER & LEMON, attorneys for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

This was an action of trover by appellee against appellant, tried in the Circuit Court of De Witt County without a jury, by consent, and resulted in a finding and judgment in favor of appellee for $936.56.

Appellant brings the case to this court by appeal, and urges us to reverse the judgment upon the alleged ground that the evidence does not support the finding and judgment.

Appellee claimed, and so testified, that appellant owed him a note for $703.90 and interest, which was due, and that appellant also owed him (appellee) an open account, the two together amounting to about $1,056; and that in order for him (appellee) to raise some money at the bank, he desired to obtain a note, or two notes, from appellant, with security for what he owed him, and use such new note or notes at the bank for that purpose; that to that end he applied to appellant, and after they had talked matters over appellant consented to give appellee two notes,

one for $500 and the other for $576, with security for said past due note of $703.90 and the open account; that two notes, one for said sum of $500 and the other for said sum of $576 were drawn up and appellant took them and said that if appellee would let him take the said note of $703.90 along also, that he would sign the two new notes and have his security also sign them, and would then return them to appellee and keep the $703.90 note, as it would then be paid with the two new notes; that appellee consented to that arrangement, and appellant took the $703 note with him and also the other two unsigned notes, but failed and refused to return either the said two notes signed as agreed, or said note of $703.90, and for such failure appellee brings this action to recover the value of said note of $703.90 and interest claimed to have been, in that way, wrongfully converted by appellant.

Appellant claims that he never gave or owed appellee the note of $703.90, and never took it or the unsigned notes or made any agreement with appellee concerning them as claimed by him.

Appellee's books were also in evidence and showed that appellant's account therein had been credited with a note given by him to appellee for $703.90. And appellee is corroborated to some extent, by other witnesses, to the effect that he had held a note of $703.90 against appellant.

Under the unreconcilable conflict in the evidence upon the vital questions in the case, the finding of the trial judge should not be disturbed unless the evidence itself shows that with his superior advantage for observing the witnesses and their manner of testifying, he had come to an erroneous conclusion from passion or prejudice, and as there is nothing of that kind in this record, we will affirm the judgment rendered by him in this case.    Affirmed.